UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § | |
| v.   § | No.  1:22-CR-00191-LY |
| § | |
| (1) DAPHNE JOY NAVA, § § *Defendant* | |

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, including that the offense is a crime of violence and involved controlled substances and firearms;

- the weight of the evidence against the person, including, but not limited to, statements from witnesses, evidence of guns, narcotics, and drug paraphernalia seized from Defendant's residence;

- the history and characteristics of the person, including Defendant's history of multiple untreated mental-health diagnoses, her lack of recent legitimate employment, her history of drug addiction, her lengthy criminal history (including numerous drug-dealing convictions and convictions for assault), that Defendant was dealing fentanyl (among other drugs) at the time of her May 2022 arrest and again just a few weeks later, and the fact that

1

- Defendant was on pretrial release on a state charge when she committed the offenses charged in this case;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, including the particularly violent nature of her pending kidnapping charge, her possession of multiple firearms at her residence, and her multiple prior charges and convictions involving violence; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**DIRECTIONS REGARDING DETENTION**

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED September 27, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE